FILED
FEBRUARY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

A CERTIFIED TRUE COPY
ATTEST
By April Layne on Feb 19, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 19, 2008

FILED
CLERK'S OFFICE

IN RE: SATURN L-SERIES TIMING CHAIN
PRODUCTS LIABILITY LITIGATION

MDL No. 1920

## TRANSFER ORDER

**Before the entire Panel**: Plaintiff in an action pending in the District of Nebraska has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. No responding party opposes centralization, although defendants General Motors Corp. and Saturn Corp. are neutral as to a transferee district.

This litigation currently consists of three actions, two actions in the Northern District of Illinois and the action in the District of Nebraska, as listed on Schedule A.

After considering the argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Nebraska will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that certain Saturn vehicles have defective metal timing chains and oiler nozzles (a mechanism that is supposed to lubricate the timing chain). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Nebraska is an appropriate transferee district for pretrial proceedings in this litigation, because the first-filed action was brought there and it is movant's unopposed choice.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions listed on Schedule A and pending outside the District of Nebraska are transferred to the District of Nebraska and, with the consent of that court, assigned to the Honorable Laurie Smith Camp for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By s/ GREGORY YOUNG
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: FEBRUARY 21, 2008

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: SATURN L-SERIES TIMING CHAIN
PRODUCTS LIABILITY LITIGATION                                   MDL No. 1920

## SCHEDULE A

<u>Northern District of Illinois</u>

Linda S. Marchetta v. General Motors Corp., et al., C.A. No. 1:07-5362
William P. Anderson v. Saturn Corp., C.A. No. 1:07-6213

<u>District of Nebraska</u>

Amy Faust v. General Motors Corp., et al., C.A. No. 8:07-298

**UNITED STATES JUDICIAL PANEL
on MULTIDISTRICT LITIGATION**

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge John G. Heyburn II<br>United States District Court<br>Western District of<br>Kentucky | Judge D. Lowell Jensen United<br>States District Court Northern<br>District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas Judge David<br>R. Hansen United States Court<br>of Appeals Eighth Circuit<br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | Jeffery N. Lüthi Clerk of the<br>Panel One Columbus Circle,<br>NE Thurgood Marshall<br>Federal Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax: [202] 502-2888<br>http://www.jpml.uscourts.gov |

**FILED**

**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

February 19, 2008

Denise Lucks, Clerk
1152 Roman L. Hruska U.S. Courthouse
111 South 18th Plaza Omaha, NE
68102-1322

**07 C 5362**

Re: MDL No. 1920 -- IN RE: Saturn L-Series Timing Chain Products Liability Litigation

Dear Ms. Lucks:

    Attached as a separate document is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S. C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

    Today we are also serving an information copy of the order on the transferor court(s). The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

    Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

    You may find Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts helpful in managing the your MDL docket.

    The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders

-2-

regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Attorney Service List. Listed below is the transferor court clerk information with respect to this order:

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street Chicago, IL
60604
**Docketing ILND/ILND/07/USCOURTS**

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _April C. Layne_
April C. Layne    Docket
Specialist

Attachments (Transfer Order is a Separate Document)

cc:   Transferee Judge: Judge Laurie Smith Camp
      Chief Judge Transferee District: Judge Joseph F. Batallion

JPML Form 33

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 1920 - IN RE: Saturn L-Series Timing Chain Products Liability Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

### Party Representation Key
● Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party. All counsel and parties no longer active in this litigation have been suppressed.

### This Report is Based on the Following Data Filters
Docket: 1920 - Saturn L-Series Timing Chain PL For
Open Cases

8:08-cv-00078-LSC-FG3 Doc # 44 Filed: 02/21/08 Page 7 of 8 - Page ID # 193

Docket: 1920 - IN RE: Saturn L-Series Timing Chain Products Liability Litigation
Status: Transferred on 02/19/2008
  Transferee District: NE    Judge: Smith Camp, Laurie                                              Printed on 02/19/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Daniels, Timothy A.<br>DAVENPORT LLP<br>3400 Bank of America Plaza<br>901 Main Street Dallas, TX<br>75202 | =>Phone: (214) 939-2016  Fax: (214) 939-2090  Email: tdaniels@figdav.com FIGARI &<br>General Motors Corp.*; Saturn Corp.* |
| Miller, James E.<br>SHEPHERD FINKELMAN MILLER & SHAH LLC<br>65 Main Street<br>Chester, CT 06412-1311 | =>Phone: (860) 526-1100  Fax: (860) 526-1120  Email: jmiller@sfmslaw.com<br>Anderson, William P.* |
| Tufaro, Gina M.<br>HORWITZ HORWITZ & PARADIS<br>28 West 44th Street<br>16th Floor New York,<br>NY 10036 | =>Phone: (212) 404-2200  Fax: (212) 404-2226  Email: gtufaro@hhplawny.com<br>Faust, Amy*; Marchetta, Linda S.* |